UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | ) Case No.: 15-10369 BAH |
| | ) |
| WICKED GOOD PROPERTIES, LLC. | ) Chapter 7 |
| | ) |
| Debtor. | ) |

**CHAPTER 7 TRUSTEE'S MOTION TO SELL REAL PROPERTY KNOWN AS 4420 WASHINGTON STREET, UNIT 3 ROSLINDALE, MASSACHUSETTS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b), (f) AND (h) AND MOTION TO APPROVE COMPROMISE**

Mark Cornell, Chapter 7 Trustee, by and through Michelle Kainen, and moves this Honorable Court to allow him to sell Debtor's interest in 4420 Washington Street, Unit 3 Roslindale, Massachusetts, for consideration of $282,000.00 pursuant to the terms of the Purchase and Sale Agreement ("P & S") with the Buyers, in accordance with 11 U.S.C. 363(b), (f) and (h), and moves this Honorable Court to Approve the Compromise with PhD Corp., LLC, pursuant to Federal Rule of Bankruptcy Procedure 9019. As grounds therefore, the movant states as follows:

GENERAL BACKGROUND

1. Debtor filed a Chapter 7 Voluntary Petition on March 11, 2015 ("the Petition Date"). Mark P. Cornell is the duly appointed Chapter 7 Trustee ("Trustee").

2. The Trustee wishes to sell the Property pursuant to the P&S negotiated by the Debtors pre-petition in order to maximize value for the estate and minimize expenses.

3. On or about December 10, 2013, Aguasvivas Creative Real Estate Buyers, LLC ("Aguasvivas") and Wicked Good Properties, LLC ("Debtor") purchased the property at 4420 Washington Street, Roslindale, Massachusetts ("Premises") as evidenced by a deed

-1-

  recorded with Suffolk County Registry of Deeds Book 52456, Page 105 for consideration of $510,000 (see attached Exhibit "A");

4. At the time of the purchase of the Premises, Aguasvivas put down $55,000 towards the purchase price ($15,000 as deposit on the P&S Agreement and $40,000 at closing);

5. The balance of the purchase price was the result of a construction mortgage to Conquest Secured Lending Fund, LLC ("Conquest Mortgage") in the amount $590,000 recorded with Suffolk County Registry of Deeds Book 52456, Page 108 (see attached Exhibit "B").  This claim will be paid in full at closing.

6. There is a second mortgage to CNY Capital, LLC ("CNY Capital Mortgage") in the original amount of $25,000 recorded with Suffolk County Registry of Deeds Book 52456, Page 121 (see attached Exhibit "C").   This claim will be paid in full at closing.

7. On or about May 29, 2014, Aguasvivas transferred its ownership interest in the Premises to PhD Corp, LLC ("PhD Corp") as evidenced by a deed recorded with Suffolk County Registry of Deeds Book 53018, Page 319 (see attached Exhibit "D");

8. PhD Corp subsequently advanced an additional $20,000 to fund the project.

9. On or about December 8, 2014, PhD Corp and Debtor caused the Premises to be converted to three individual condominium units by the recording of the Master Deed for the *4420 Washington Street Condominium* as evidenced by the Master Deed recorded with Suffolk County Registry of Deeds Book 53800, Page 272 (see attached Exhibit "E");

10. Unit 2 of the project was sold pre-petition for $329,000.  Unit 1 was sold pursuant to an order from this Court on April 3, 2015 for $314,000. (Doc. #30).

11. On or about January 14, 2015 Joseph Creney caused a *Writ of Attachment* to be recorded in Suffolk County Registry of Deeds at Book 53952, Page 1 (see attached Exhibit "G") in a case filed against the Debtor in Norfolk Superior Court (C.A. No. 14-00725)("Civil Action No. 1");

12. On or about January 15, 2015 Jackson Lumber and Millwork, Inc. caused a second *Writ of Attachment* in Civil Action No. 1 to be recorded in Suffolk County Registry of Deeds at Book 53955, Page 113 (see attached Exhibit "H");

13. On or about January 22, 2015 Alexander Schuck caused a third *Writ of Attachment* to be recorded against the Premises in an action against the Debtor. That was recorded with the Suffolk County Registry of Deeds Book 53981, Page 60 (see attached Exhibit "I");

14. The three *Writs of Attachment* were filed within 90 days of the petition date (March 11, 2015) and are being addressed by separate preference actions under 11 U.S.C. § 547. Therefore, all three attachments are subject to a bona fide dispute;

THE SALE

15. On or about June 15, 2015, PhD Corp and Mark Cornell, Chapter 7 Trustee on behalf of the bankruptcy estate (hereinafter collectively "Sellers") entered into a Purchase and Sale Agreement for the sale of Unit 3 to John Duncan and Emily Wheeler Meyers ("Buyers") for consideration of Two Hundred Eighty-Two Thousand Dollars ($282,000.00) with a projected closing date of July 31, 2015 (see attached Exhibit "F");

APPROVAL OF THE SALE OF THE PROPERTY IS IN THE BEST INTERESTS OF THE ESTATE AND SHOULD BE AUTHORIZED BY THIS COURT

16. This Court should approve the sale of the Property free and clear of liens, claims and encumbrances, including those listed above, on the terms and conditions as set forth in the

P&S and this Motion. The terms of the P&S appear fair and reasonable and the Trustee believes such terms will yield the maximum value to the Estate on account of the disposition of the Property.

17. This Court has statutory authority to authorize the sale of the Property free and clear of all liens, claims and encumbrances to any person or entity submitting the highest and best offer. See 11 U.S.C. §§ 363(b)(1), (f)(1)(4)(5) and (h).

18. The Trustee requests that he be allowed to sell the Property as contemplated herein, free and clear of all liens, claims, encumbrances and interests, as set forth herein, with any such liens, claims, encumbrances or interests to attach to the sales proceeds in the same manner and amount as existed prior to the sale, subject in all cases to the Trustee, any party in interest and this Court's right to contest the amount, validity and/or priority of any claim or interest at a later date, subject to the proposed distribution of sales proceeds listed below.

## COMPROMISE

19. In addition to the $55,000 initial investment of PhD Corp., it advanced an additional $35,000 in project-related costs, for a total investment of $90,000.

20. It is the position of PhD Corp. that it is entitled to receive the $90,000 in addition to 50% of the net profits.

21. The trustee disputes that PhD Corp is entitled to $90,000, plus 50% of the profits. However, the trustee is mindful that an action pursuant to 11 U.S.C. § 363(h) would be costly, time-consuming and may result in the loss of the current buyer. Additionally, the estate would have to bear the additional carrying costs of the property, should the action result in the need to find a new buyer.

22. In consideration of the foregoing issues, the Trustee and PhD Corp. have reached the following agreement as more fully set forth on Exhibit J, incorporated herein by reference:

    a. PhD Corp will receive its $55,000 initial investment at closing;

    b. PhD Corp will receive 50% of the net proceeds at closing, after calculation of the $55,000 return of capital.

    c. PhD Corp will have an allowed general unsecured claim for the remaining $35,000 of its investment.

DISTRIBUTION OF SALES PROCEEDS

23. The Trustee proposes the following distribution of the $282,000.00 sales proceeds occur at closing without further order of the Court:

    A. Payment of the customary costs of closing, including the seller's portion of the transfer tax, property taxes, prorations, any legal fees normally paid by the seller, and any other necessary expenses of sale.

    B. This Court previously issued an order authorizing employment of Insight Realty Group, Inc. as the real estate broker. This was a co-brokered sale. Pursuant to the order employing the realtor, a brokerage commission of two percent (2%) ($5,640.00) of the purchase price is to be paid to Insight Realty Group, Inc. and a commission of two and one-half percent (2.5%) ($7,050.00) paid to the buyer's agent, Maloney Properties.

    C. The payoff the Conquest Mortgage of approximately $6,311.98;

    D. The payoff the CNY Capital Mortgage of approximately $30,569.76;

    E. The compromised amount of $55,000, plus 50% of the net proceeds to PhD Corp.;

    F. The treatment of the attachments of Joseph Creney, Jackson Lumber and Millwork, Inc. and Alexander Schuck shall be determined after further order of the Court.

24. The Chapter 7 Trustee intends to make a claim under 11 U.S.C. §506(c) for the chapter 7 Trustee's commission for the sale.

25. Net proceeds after the payment of customary closing costs, brokers' commission, the mortgages and the compromised amount to the co-owner will be held by the Bankruptcy Trustee until there has been a further Order of this Honorable Court.

<u>NOTICE AND COUNTER-OFFER PROCEDURES</u>

26. Copies of the Notice of Hearing and Counter-Offer Procedures on this Motion have been served, either by ECF or by first class mail, upon the United States Trustee, the Buyer, all creditors (including the lienholders listed above), and all parties who have filed an electronic appearance in Case No. 15-10369 BAH.  The Trustee requests that this Court find such service to be appropriate and sufficient notice of this Motion in the particular circumstances.  The Trustee also requests the court find the counter-offer procedures in the Notice of Hearing and Counteroffer Procedures are reasonable and appropriate under the circumstances.

    **WHEREFORE**, the Trustee requests that this Court enter an Order:

(A) Authorizing the Trustee to sell the Premises commonly known as 4420 Washington Street, Unit 3 Roslindale, Massachusetts, on the terms and conditions set forth in the P&S free and clear of liens, claims, encumbrances and interests under 11 U.S.C.§363(b), (f) and (h)  with

    such liens, if any, to attach to the proceeds of the sale to the same extent of their validity, perfection and priority, unless stated otherwise herein;

 (B) Approve the Compromise with PhD Corporation; and

 (C) Grant such other and further relief as this Court deems just and proper.

Order that the Premises commonly known as 4420 Washington Street, Unit 3 Roslindale, Massachusetts.

    Dated this 26th day of June, 2015

    MARK CORNELL, TRUSTEE

    By: /s/ Michelle Kainen
     Michelle Kainen
     Kainen Law Office, PC
     Attorney for Chapter 7 Trustee
     P.O. Box 919
     White River Jct., VT 05001
     (802) 296-2100